**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3388
_____

KENNY MANUEL ESTEVEZ-ACOSTA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,
Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A099-559-840)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 16, 2017

Before:  AMBRO, KRAUSE and NYGAARD, Circuit Judges

(Opinion filed: March 17, 2017)
_____

OPINION[*]
_____

PER CURIAM

Kenny Manuel Estevez-Acosta, a citizen of the Dominican Republic who is

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

proceeding pro se, petitions for review of a final order of removal. For the following reasons, we will deny the petition.

Estevez-Acosta entered the United States in 2009 with a visa obtained by his fiancé, a United States citizen. He later became a lawful permanent resident. In 2014, Estevez-Acosta was convicted in federal court of conspiracy to distribute heroin. 21 U.S.C. §§ 841(b)(1)(C) and 846. The Department of Homeland Security issued a notice to appear charging that Estevez-Acosta was subject to removal because he was convicted of an aggravated felony, 8 U.S.C. § 1227(a)(2)(A)(iii), as defined under 8 U.S.C. § 1101(a)(43)(B) (illicit trafficking in a controlled substance), and § 1101(a)(43)(U) (attempt or conspiracy to commit an aggravated felony), and for having been convicted of a controlled substance offense, 8 U.S.C. § 1227(a)(2)(B)(i). An Immigration Judge (IJ) sustained the charges.

Estevez-Acosta applied for deferral of removal under the Convention Against Torture (CAT). He alleged that the police in the Dominican Republic tortured him in 2001 when questioning him about possible involvement in drug and human trafficking, and that, after his release from custody, the police sought him out when he failed to regularly report to them, as he had been instructed. The IJ did not condone Estevez-Acosta's mistreatment while in police custody and noted that the intentional infliction of pain by the officers to secure a confession or information would qualify as torture. The IJ explained, however, that Estevez-Acosta failed to show that it is likely that he would suffer torture in the future. Although the police had asked Estevez-Acosta's brother of

2

his whereabouts in connection with his agreement to report to them, the IJ noted that the police had never threatened Estevez-Acosta after he was released.[1]

Estevez-Acosta, through counsel, filed an appeal to the Board of Immigration Appeals' (BIA or Board). The Board found no clear error in the IJ's factual findings regarding the likelihood that Estevez-Acosta would be tortured upon return to the Dominican Republic. Like the IJ, the BIA did not condone the harm that Estevez-Acosta described, but stated that the record did not support finding a likelihood that he would again be subject to abusive treatment. Emphasizing that police never threatened him after his release in 2001, the BIA held that Estevez-Acosta's claim was "too speculative to warrant a grant of protection under the [CAT]." Estevez-Acosta filed a pro se petition for review of the BIA's decision.

The Government asserts that we should dismiss the petition for review for lack of jurisdiction on the ground that Estevez-Acosta has not raised "colorable constitutional or legal issues." We generally lack jurisdiction to review a final order of removal against a criminal alien, like Estevez-Acosta, who is removable for having committed an offense covered in § 1227(a)(2). See 8 U.S.C. § 1252(a)(2)(C). We retain jurisdiction, however, to review constitutional claims, "pure questions of law," and "issues of application of law

---

[1] The IJ also rejected Estevez-Acosta's reliance on three incidents that occurred after his release from custody: the discovery of a bullet hole in his car; being followed by two men on a motorcycle who yelled his name and who may have shot at him; and suffering minor injuries when an unmarked police vehicle hit his motorcycle. The IJ noted that Estevez-Acosta did not identify exactly when the incidents occurred, present evidence that the incidents were related, or demonstrate that the police were involved.

to fact, where the facts are undisputed and not the subject of challenge." Kamara v. Att'y Gen., 420 F.3d 202, 211 (3d Cir. 2005); see also 8 U.S.C. § 1252(a)(2)(D). "[F]actual or discretionary determinations continue to fall outside [our] jurisdiction . . . ." Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006). With respect to CAT claims, the question of the likelihood of torture is a mixed one, comprised of a factual component ("what is likely to happen to the petitioner if removed") and a legal one ("does what is likely to happen amount to the legal definition of torture"). Kaplun v. Att'y Gen., 602 F.3d 260, 271 (3d Cir. 2010)

Estevez-Acosta primarily argues that the BIA erred in concluding that he failed to establish that the Dominican Republic government would acquiesce in his torture. In particular, Estevez-Acosta asserts that the BIA "applied the wrong legal standard" and "misconstrued the meaning of acquiescence." Notably, however, the Board did not make any findings with respect to whether the alleged torture would be inflicted "by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity."[2] 8 C.F.R. § 1208.18(a)(1). Rather, the denial of CAT relief was based on the conclusion that "the record does not support finding a likelihood that [Estevez-Acosta] would again be subject to . . . abusive treatment if returned to the Dominican Republic." The decision that Estevez-Acosta failed to establish that the torture he feared was more likely than not to occur is a factual decision that we lack

---

[2] This requirement is one of five used to determine whether an act constitutes torture.

4

jurisdiction to review.  See Roye v. Att'y Gen., 693 F.3d 333, 343 n.12 (3d Cir. 2012).

Estevez-Acosta also claims that the Board, in determining whether he established

eligibility for CAT relief, failed to consider evidence of country conditions in the

Dominican Republic.[3]  The allegedly overlooked evidence concerns the police's use of

torture to obtain confessions and the security force's involvement in unlawful killings.  In

assessing whether it is more likely than not that an applicant would be tortured in the

proposed country of removal, "all evidence relevant to the possibility of future torture

shall be considered . . . ."  8 C.F.R. § 1208.16(c)(3).  The Board did not specifically

address the country conditions evidence that Estevez-Acosta highlights.  Notably, though,

the BIA is not obligated to specifically address each piece of documentary evidence in its

opinion.  Toussaint v. Att'y Gen., 455 F.3d 409, 414 (3d Cir. 2006).  The Board is

required, however, to consider all relevant evidence and provide an adequate basis from

which we are able "to discern its reasons for declining to afford relief to a petitioner."

Zheng v. Att'y Gen., 549 F.3d 260, 268 (3d Cir. 2008).  We are satisfied that the Board

---

See Pieschacon-Villegas v. Att'y Gen., 671 F.3d 303, 310 (3d Cir. 2011).

[3] Construing this claim liberally, we conclude that we have jurisdiction to review it.  See Green, 694 F.3d at 508 (examining the merits of a criminal alien's claim that "IJ and BIA committed legal error by ignoring relevant evidence in the record . . . .").  But, to the extent that Estevez-Acosta challenges the weight that the agency gave to his evidence when evaluating his eligibility for CAT relief, see id. (recognizing that petitioner's "real argument is *not* that relevant evidence was ignored, but rather that the IJ incorrectly weighed evidence in making factual determinations."), we lack jurisdiction over such a claim.  Pieschacon-Villegas, 671 F.3d at 309 (noting that court lacks jurisdiction to review criminal alien's disagreement with BIA's determination that his evidence is insufficient to demonstrate eligibility for CAT relief.).

did so here. As noted, the BIA's decision was based in large part on the conclusion that Estevez-Acosta had not been threatened by the Dominican Republic police after he was released from custody in 2001. The country conditions evidence does not bear directly on that conclusion. Cf. Poradisova v. Gonzales, 420 F.3d 70, 81 (2d Cir. 2005) (holding that the BIA has a duty to explicitly consider country conditions evidence that "*materially* bears on [an applicant's] claim") (emphasis added).

For these reasons, we will dismiss in part and deny in part Estevez-Acosta's petition for review.